UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GUARANTEE CO. OF NORTH AMERICA, USA, <br><br> Plaintiff, <br><br> v. <br><br> MOECHERVILLE WATER DISTRICT, N.F.P. and AKHRAS ASSOCIATES, INC., <br><br> Defendants. | No. 06 C 6040 <br> Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

Moecherville Water District ("District") has filed a counter-claim for breach of performance bond (Count I), fraud (Count II), statutory bad faith (Count III), common law bad faith (Count IV), and fraud in the inducement (Count VI). Guarantee Company of North America ("GCNA") has filed a Rule 12(b)(6) Motion to Dismiss Counts II, IV, and VI. For the following reasons, this motion is denied with respect to Counts II and VI and granted in regards to Count IV.

## HISTORY

On or about June 16, 2005, Counter-Plaintiff Moecherville Water District ("District") entered into a contract ("Contract") with Comstock Earthmoving, Inc. ("Comstock"). Comstock agreed to provide labor and material to construct the Water System Improvement Contract "B" ("Project"). In accordance with the terms of the Contract, Comstock was required to obtain a performance and payment bond with respect to its performance and payment obligations. GCNA issued such a bond ("Bond"). By letter dated January 26, 2006, District notified Comstock that it

1

was in default of the Contract. District terminated Comstock as General Contractor for the Project. Subsequently, District made a demand on GCNA to complete the Project and pay Comstock's subcontractors and suppliers. On or about April 6, 2006, GCNA entered into a Takeover Agreement with the District for completion of the Project. GCNA filed suit against District, alleging breach of contract and bond for defective performance of the Takeover Agreement. District then filed the counter-claim at issue in this motion.

## DISCUSSION

**Motion to Dismiss**

A motion to dismiss tests the sufficiency of a complaint, not the merits of a case. *Autry v. Northwest Premium Servs., Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). I should grant Defendant's motion to dismiss only if Plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Furthermore, I must accept all well-pleaded factual allegations in the complaint as true, drawing all reasonable inferences from those facts in Plaintiff's favor. *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002). That said, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007) (internal citations and quotations omitted). I may grant the motion only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

**Fraud (Count II)**

In its counter-claim, the District alleges that GCNA engaged in misrepresentation when its agents made certain representations about the expected end date of the Project, GCNA's intentions vis-à-vis the Project, and the status of specific elements of the project.

*Heightened Pleading Requirements*

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." FED. R. CIV. P. 9(b). For allegations of fraud, "pleading with specificity" requires that the claimant provide the "who, what, where, and when." *Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). The purpose of the more restrictive pleading standard is to ensure that the accused party is given adequate notice of the specific activity that the plaintiff claims constituted the fraud, so that the accused party may file an effective responsive pleading. *Id.* In its motion, GCNA makes clear that it understands which activities are claimed to constitute fraud. Thus, this aspect of the 9(b) requirement is met.

"Malice, intent, knowledge, and other condition of mind of a person may be averred generally." FED. R. CIV. P. 9(b). "[The] heightened pleading requirement does not extend to states of mind which may be pleaded generally under Rule 9(b); nevertheless, the complaint must still afford a basis for believing that plaintiffs could prove scienter." *Tricontinental Indus. Ltd. v. Pricewaterhousecoopers, LLP*, 475 F.3d 824, 833 (7th Cir. 2007). The District's pleading is not overly general with regard to the element of intent. By alleging generally that GCNA was purposeful in its misrepresentations, the District fulfills its Rule 9(b) obligations.

*Statements of Opinion*

GCNA claims that the District's fraud claim fails because it alleges only

3

misrepresentations of matters of opinion. "To support an action for fraud, the alleged misrepresentation must be one of fact and not an expression of opinion." *Prime Leasing, Inc. v. Kendig*, 773 N.E.2d 84, 92 (Ill. App. Ct. 2002). A false representation of intention or future conduct is an expression of intent. *Id.* However, there is an exception to this general rule if the false statement is part of a fraudulent scheme. *Id.* The District's allegations are covered by this exception. At least one of the District's claims – concerning whether or not tracer wire was properly installed – may be an issue about the present status of the Project. In addition, the claim lists several false statements for which the District may be able to establish facts showing that GCNA repeatedly made those statements with the purpose of accomplishing a fraud. *See HPI Health Care Servs., Inc. v Mt. Vernon Hosp., Inc.*, 545 N.E.2d 672, 682-83 (Ill. 1989).

*Substantial Completion*

The District claims that it relied upon GCNA's assertion of substantial completion in order to initiate the final approval process. Based on the pleadings, it is possible that GCNA's statements were made with intent to deceive, and that GCNA knowingly made these statements in order to induce reliance.

**Fraud in the Inducement**

The District avers that it relied on GCNA's fraudulent statements. According to the District, as a result of this fraudulent inducement, the District allowed GCNA the opportunity to attempt performance of the Project: "In the absence of misrepresentations by GCNA, [the District] would have retained a completion contractor that was skilled and familiar with the work to be performed, instead of GCNA . . . ."

Fraud in the inducement requires (1) a false statement of material fact by the defendant;

4

(2) made with knowledge of its falsity; (3) reasonably relied upon by the plaintiff; (4) made for the purpose of causing the plaintiff to act; and (5) damage resulting from the plaintiff's reliance on the statement. *LM Ins. Corp. v. SourceOne Group*, 454 F. Supp. 2d 727, 744 (N.D. Ill. 2006).

GCNA claims that fraudulent inducement allegations do not constitute a separate cause of action if they are fully integrated into the Agreement. *See Thorpe v. Levenfeld*, No. 04 C 3040, 2005 U.S. Dist. LEXIS 22050, at *9-10 (N.D. Ill. Sept. 29, 2005). GCNA cites *Thorpe* to support the proposition that the District's reliance was unreasonable. However, *Thorpe* is readily distinguishable from the instant case. In *Thorpe*, the plaintiffs relied on terms outside of the contract, but the contract contained an integration clause. *Id.* at 10. In the case at hand, the District is claiming that it relied on GCNA's statements that they would *perform* the Contract. Thus, even though the misrepresentations at issue exist outside of the Contract, *Thorpe* is not instructive because the District is not alleging misrepresentations of the terms of the Contract. It is alleging that GCNA induced it to not exercise some of its rights under the Contract.

In order to meet the reliance element, a plaintiff must not only rely on the misstatement but must be justified in so doing. *Davis Cos. v. Emerald Casino, Inc.*, No. 99 C 6822, 2003 U.S. Dist. LEXIS 16039, at *25 (N.D. Ill. Sept. 11, 2003). Under Illinois law, the question of whether a plaintiff's reliance was justified is a question of fact. *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 910 (N.D. Ill. 2006). Thus, the issue of whether the District's reliance was reasonable is not a matter for a motion to dismiss.

**Common Law Bad Faith (Count IV)**

The District alleges that the deliberate misrepresentations made by GCNA constitute common law bad faith. GCNA replies that 215 ILCS 5/155 preempts separate tort lawsuits for

5

common law bad faith against insurance companies if the lawsuit stems from a breach of the contract at issue. GCNA relies on *Cramer v. Ins. Exchange Agency*, 675 N.E.2d 897, 904 (Ill. 1996). "Mere allegations of bad faith or unreasonable and vexatious conduct, without more . . . do not constitute such a tort." *Id.* In cases where the plaintiff alleges and proves the elements of a separate tort, the plaintiff may bring an independent tort action for insurer misconduct. *Id.* In the instant case, the District has brought an independent action for fraud. There are no allegations outside of the fraud and fraud in the inducement allegations to support the claim for common law bad faith. Allegations for fraud and fraud in the inducement are covered by the cited statute, so a separate tort action is not allowed.

Since these allegations are within the scope of 215 ILCS 5/155 and *Cramer*, the action for common law bad faith cannot be sustained.

**CONCLUSION**

Under the allegations of the counter-claim, there are facts that, if proven, could establish that GCNA made fraudulent statements regarding facts, rather than statements of opinion and that the District reasonably relied on these fraudulent statements. Therefore, GCNA's motion to dismiss is denied on Counts II and VI. However, the District's separate claim for common law bad faith is preempted by Illinois statute. GCNA's motion to dismiss Count IV is granted.

ENTER:

*James B. Zagel*

James B. Zagel
United States District Judge

DATE: JUL 2 6 2007

6